UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION


NO. 05CV40155-MAP



MILLIVISION, INC., Debtor/Appellant

VS.

JEFFERY W. MR. ALHOLM, Claimant/Appellee


_____


ON APPEAL FROM A DECISION OF THE BANKRUPTCY COURT FOR THE DISTRICT
OF MASSACHUSETTS WESTERN DIVISION
_____



CLAIMANT / APPELLEE'S BRIEF



David J. Noonan, Esquire
228 Triangle Street
Amherst, MA 01002
Tel:  (413) 549-5491;
Fax: (413) 549-5156
BBO #: 373260

TABLE OF CONTENTS

TABLE OF CITATIONS

    A. Federal Cases………………………………………….     ii, iii

    B. State Case ……………………………………………     iii, iv

    C. Rules ………………………………………………..     iv

I. STATEMENT OF THE ISSUES PRESENTED AND STANDARD OF REVIEW

    …………………………………………………………………     v.

    A. Statement Of The Issues Presented. …………………………     v.

    B. Standard Of Appellate Review................................................     v.

II.      STATEMENT OF THE CASE ......................………………...     1

    A.    The Procedural Background .......... ……………………...     1

    B.    Concise Statement of Material Facts ……………………...     2

III.      ARGUMENT…………...............................................................     3

    A.    Summary of Argument………………..................................     3

    B.    There Are Alternative Reasons Why The Bankruptcy

        Court's Decision Should Be Upheld Regardless Of

        Any Error of Law ……………………..................................     5

    C.    The Bankruptcy Court Made A Finding Of Fact That

        The Appellee Had Made Sufficient Efforts To Find

        Employment And The Appellant Cannot Establish

        Said Finding Was Clearly Erroneous...................................     12

IV.      CONCLUSION....................................................................     17

<u>FEDERAL CASES</u>

*Acosta-Orozco v. Rodriguez-De-Rivera,* 132 F.3d 97, 98 (1st Cir. 1997) ---.16

*American R. Express Co.*, 265 U.S. at 435-36 (1924) ---5,7

*Anderson v. City of Bessemer, N.C.* 470 U.S. 654 (1985) ---17

In *re Brown*, 21 B.R. 701, 9 B.C.D. 228 (B.A.P. 1st Cir.) ---7,14

*In re Edward M. Johnson & Assocs.*, 845 F.2d 1395 (6th Cir. 1988.) ---16

*Employers' Liability Assurance Corp. v Weeden* (1960, CA5 La) 274 F2d 809, 3 FR Serv 2d 827. ---16

*Gibson v. City of Cranston*, 37 F.3d 731, 737 (1st Cir. 1994) ---10,11

K*lein v Rancho Montana De Oro, Inc.* (1959, CA9 Cal) 263 F2d 764 ---16

*LaRoche v. Amoskeag Bank*, 969 F.2d 1299, 1301 (1st Cir. 1992) ---9

*Long Term Care Pharm. Alliance v. Ferguson,* 362 F.3d 50 (1st Cir. 2004) ---12

*O'Connell Management Co., Inc. v. Carlyle-XIII Managers, Inc.*, 765 F. Supp. 779 (D. Mass. 1991) --- 10

*Prime Retail, L.P. v. Caribbean Airport Facilities,* 1998 U.S. App. LEXIS 10639, 20-21 (1st Cir. 1998) ---16

*TEC Eng'g Corp. v. Budget Molders Supply, Inc.*, 82 F.3d 542, 545 (1st Cir. 1996) ---16

*Touch v. Master Unit Die Products, Inc.*, 43 F.3d 754, 757 (1st Cir. 1995) ---16

*In re Watman*, 301 F.3d 3 (1st Cir. 1997) ---16

<u>STATE CASES</u>

*Aerostatic Engr. Corp. v. Szczawinski*, 1 Mass. App. Ct. 141, 145 (1973) ---9,11

*Bucholz v. Green Bros. Co.*, 272 Mass. 49, 52 (1930) ---9,10

*Center Garment Co. v. United Refrigerator Co.*, 369 Mass. 633, 638 (1976) ---11

*Lease-It, Inc. v. Massachusetts Port Auth.*, 33 Mass. App. Ct. 391, 396 (1992) ---9,10

M*cAdams v. McElroy*, 62 Cal. App. 3d 985 (Cal. Ct. App. 1976) ---14

*National Car Rental Sys., Inc. v. Mills Tr. Co.,* 7 Mass. App. Ct. 850, 384 N.E.2d 1263 (1979) ---7,14

*Sanguinetti v. Nantucket Constr.* Co. 5 Mass. App. Ct. 227 (Mass. App. Ct. 1977) --- 7,8,9,14

*Ward v. American Mutual Liability Ins. Co.*, 15 Mass. App. Ct. 98, 100 (1983) ---4,9,11

<u>RULES</u>

Rule 52(a) of the F. R. Civ. Pro ---17

**I**    **<u>STATEMENT OF THE ISSUES PRESENTED & STANDARD OF REVIEW</u>**

**A.**    **<u>Statement of the Issues Presented</u>**

As stated by the Appellee with the additional of rebutting arguments raised in the Appellee's brief.

**B.**    **<u>Standard of Appellate Review</u>**

As stated in the Appellee.

## I.     PROCEDURAL BACKGROUND

On December 12, 2003, an involuntary Chapter 7 bankruptcy petition was filed against Millivision, Inc. ("Millivision" or "Debtor"). An order for relief was subsequently entered and the case was converted to Chapter 11 on January 21, 2004. Subsequently, David W. Ostrander, Esq. was appointed the Chapter 11 Trustee ("Trustee"). On June 4, 2004, the Court authorized the sale of substantially all of the Debtor's assets to MVT Equity LLC ("MVT").  As part of said sale, the Debtor assumed and assigned the Employment Agreement and Severance Agreement it had previously entered into with Jeffrey Alholm ("Mr. Alholm").

On April 21, 2004, the Trustee filed a Notice to Cure which provided that no cure amounts were due to Mr. Alholm on the executory Employment and Severance Agreements which the Trustee intended to assume and assign because Mr. Alholm had allegedly breached these agreements.  On May 18, 2004, Mr. Alholm filed an Objection to the Notice to Cure. On June 15, 2004, Mr. Alholm filed an amended  proof of claim asserting that in excess of $181,224 was due and owing pursuant to the Employment Agreement and Severance Agreement entered into with the Debtor.

## II.     CONCISE STATEMENT OF MATERIAL FACTS

Mr. Alholm was employed by Millivision in the capacity as President and Chief Executive Officer until stripped of said positions on December 4th, 2003. On December 23, 2002, Mr. Alholm and Millivision entered into a letter agreement ("Severance Agreement") whereby Mr. Alholm agreed to resign as President and Chief Executive

Officer and from all other positions held within Millivision or any subsidiary or affiliate of Millivision.  (See, Severance Agreement, Exhibit 2, A2, to Appellee's Designation of Record ¶ ("Exhibit Alholm A2").

Pursuant to the Severance Agreement, Millivision agreed to pay Mr. Alholm his salary "of $200,000.00 per year through December 31, 2003" and to pay for his medical and dental insurance benefits ("Severance Payments").  (See, Exhibit Alholm A2, ¶ 2(a)). Pursuant to the Severance Agreement, the Severance Payments were to continue after June 30, 2003 through December 31, 2003, so long as Mr. Alholm sought but did not find other full-time comparable employment.  (See, Exhibit Alholm A2, ¶ 2(a)). Pursuant to the Severance Agreement, if Mr. Alholm's salary in any new employment was less than his current rate of salary, Millivision would have to pay the difference.  (See, Exhibit Alholm A2, ¶ 2(a).

The provision in the Severance Agreement which was most material to Alholm and went to "root of the contract" was that the severance payments required under Paragraph 2(a) of the Severance Agreement be timely made. (See, Transcript of Evidentiary Hearing dated November 19, 2004, Exhibit 1 to Appellee's Designation of Record ¶ ("Exhibit 1")Tr. 11-19-04, pp. 18-19). The Trustee introduced no evidence which controverted, rebutted or in any way diminished Mr. Alholm's testimony that the provision requiring timely severance payments was a material provision of the contract. (See, Transcript of Evidentiary Hearing dated December 20, 2004, Exhibit 3 to Appellee's Designation of Record ¶ ("Exhibit 3")Tr. 12-20-04, pp. 51-53 & 80-82).

Millivision failed to make any Severance Payments to Alholm in the months of January and February 2003. (See, Exhibit 1, Tr. 11-19-04 pp. 59 -60 & Exhibit 3, Tr. 12-

20-05 pp. 91-92). The Bankruptcy Court determined that the "biweekly payments to be made by the Debtor to Alholm were delivered sporadically" and that "The Debtor was in payment default under the Severance Agreement almost immediately after its execution". (See, Memorandum and Order of the Honorable Henry J. Boroff , Exhibit 7 to Appellee's Designation of Record ("Exhibit 7") ,  pp. 4 & 9).

During the period subsequent to the execution of the Severance Agreement, Mr. Alholm contacted over 60 different companies, made personal contacts, retained an employment search firm and sent out resumes seeking employment comparable to what he had with the Debtor. (See, Exhibit 1 Tr. 11-19-04 pp. 59 -60). The Trustee introduced no evidence which controverted, rebutted or in any way diminished Mr. Alholm's testimony that he made reasonable efforts to find employment comparable to what he had with the Debtor.

In early July 2003, Mr. Alholm, through his then legal counsel, certified in writing to the Debtor, through its legal counsel, that Mr. Alholm was looking for work. (See, Exhibit No. A25 to November 19, 2004 Evidentiary Hearing, Exhibit 2 to Appellee's Designation of Record ("Exhibit A25").

## III  ARGUMENT

### A.  Summary of Argument

Regardless of which party the Bankruptcy Court allocated the burden to prove that Mr. Alholm made or did not make good faith efforts to obtain employment commensurate with his prior experience, the Bankruptcy Court's decision was correct and should be upheld.

The record in this case is crystal clear and uncontroverted that the term of the Severance Agreement that was most material to Mr. Alholm and went to "root of the contract" was that the severance payments required under Paragraph 2(a) of the Severance Agreement <u>be timely made</u>. It is also crystal clear and uncontroverted that the Debtor failed to make timely payments to Mr. Alholm. The Bankruptcy Court in ruling in favor of Mr. Alholm found:

1) the Debtor was in almost immediate payment default; and, inter alia,

2) Mr. Alholm was not otherwise in breach of his obligations under the Severance Agreement.

It is well-settled that a material breach of contract by one party excuses the other party from further performance under the contract as a matter of law.  See <u>Ward v. American Mutual Liability Ins. Co.</u>, 15 Mass. App. Ct. 98, 100 (1983) (citations omitted). This Appellate Court may make legal conclusions which are supported by the Bankruptcy's Court's subsidiary facts and the trial record. This Appellate Court  may also exercise its full plenary powers to apply the law and determine that because of the Debtor's prior breach of a material contract provision, Mr. Alholm had no duty to seek alternate employment, even though he did. Thus, there are alternative reasons why the Bankruptcy Court's decision should be upheld and as a result any error which may have been made by the trial court in allocating the "burden of proof" with regard to the search for continued employment is merely harmless error.

Secondly, the Appellant argues that " no reasonable trier of fact could find that he (Mr. Alholm) made good faith efforts to obtain other employment commensurate with his experience". (See, Appellant's Brief pp. 9). Such an argument conveniently ignores

4

the legal principle that the District Court must accept all of the Bankruptcy Court's findings of fact unless "clearly erroneous". [1]

The Court in rendering its decision had before it the uncontroverted evidence presented by Mr. Alholm that he made considerable efforts to locate substitute employment. (See, Exhibit 1 Tr. 11-19-04 pp. 59 -60). Thus, when the Court ruled that the "Trustee was <u>unable to demonstrate that Alholm failed to make sufficient efforts</u> to <u>find employment</u>…" (emphasis added) (See, Exhibit 7,  pp. 16) it must be inferred that the Court found that Mr. Alholm made a good faith effort to obtain employment commensurate with his prior experience. Appellant's argument seeks to reverse the Bankruptcy Court's finding of fact that Mr. Alholm made sufficient efforts to find employment without even arguing that the Court's decision is "clearly erroneous". The Appellant is not entitled to any relief which reduces the amount of the Bankruptcy Court's award of damages because there is substantial evidence that Mr. Alholm made a good faith effort to obtain employment commensurate with his prior experience and as a result the Court's findings cannot be overturned.

**B.    <u>Judgment Should Be Affirmed On The Grounds That An Alternative Basis Of Relief, Which Appears On The Record, Justifies The Bankruptcy Court's Decision.</u>**

The decision of the Bankruptcy Court should be upheld, notwithstanding any misallocation in the burden of proof, because there is an alternative basis for upholding the Bankruptcy Court's decision.  The Appellee may, without cross appeal, urge in support of the lower court decision on the basis of an argument which appears on the record, but was "overlooked or ignored" by the lower court.  See <u>United States v. American R. Express Co., 265 U.S. 425, 435 (1924)</u>.  The Appellee is entitled to

advance these arguments to the Appellate Court so long as it does not "attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary." Id.   When the Appellee "does not attack the decree entered below" but "merely asserts additional grounds why the decree should be affirmed…[t]hese grounds will be examined." Id. at 436.

The record is clear that one of the provisions in the Severance Agreement which was most material to Alholm and went to "root of the contract" was that the severance payments required under Paragraph 2(a) of the Severance Agreement be timely made. (See, Transcript of Evidentiary Hearing dated November 19, 2004, Exhibit 1 to Appellee's Designation of Record ¶ ("Exhibit 1")Tr. 11-19-04, pp. 18-19). The Trustee introduced no evidence which controverted, rebutted or in any way diminished Mr. Alholm's testimony that the provision requiring timely severance payments was a material provision of the contract. Not a single witness offered by the Trustee was involved in negotiating the Severance Agreement or had knowledge of what was or was not important or material to the parties when the agreement was negotiated. (See, Transcript of Evidentiary Hearing dated December 20, 2004, Exhibit 3 to Appellee's Designation of Record ¶ ("Exhibit 3")Tr. 12-20-04, pp. 51-53 & 80-82).

In the trial before the Bankruptcy Court, the Appellee argued that Appellant's prior material breach of contract discharged the Appellee's duty to perform.  (See, Aholm's Requests For Findings of Fact, No 3, Exhibit 4 to Appellee's Designation of Record ("Exhibit 4") & also See, Aholm's Requests For Rulings of Law, Nos. 9 & 10, Exhibit 5 to Appellee's Designation of Record ("Exhibit 5"). While the Bankruptcy Court correctly found in the Appellee's favor on the breach of contract issue, the Judge did not

---

[1] The Appellant on page 1 of its Brief acknowledges this legal principle in its "Standard of Appellate Review".

address the Appellee's "material breach" argument in the decision.   As this legal

theory supports the Bankruptcy Judge's decision, albeit on separate and "overlooked"

grounds, because this theory is reflected on the record, the District Court may properly

consider it.  See American R. Express Co., 265 U.S. at 435-36 (1924).


**C**     **This Court May Make Additional Findings Of Fact As Justified By The Evidence That The Debtor Breached A Material Provision Of The Severance Agreement**

Both federal and applicable state law cases have held that an appellate court

may make additional findings of fact when justified by the evidence. On the federal level

the law is that the District Court may make a finding on appeal "when facts to support

the judgment may be inferred from facts specifically found." See In re Brown, 21 B.R.

701, 9 B.C.D. 228 (B.A.P. 1st Cir.); D. Cowans, Bankruptcy Law & Practice § 18.9 at

458-59 (1998).  The District Court judge may also make additional findings when there

is no dispute as to the facts.  See In re Edward M. Johnson & Assocs., 845 F.2d 1395

(6th Cir. 1988.)

Applicable Massachusetts law is similar in holding that when there are facts in

the record which are uncontroverted an Appellate Court, on appeal, may make findings

from the record that were not expressly stated on the trial court record. See Sanguinetti

v. Nantucket Constr. Co. 5 Mass. App. Ct. 227 (Mass. App. Ct. 1977).; National Car

Rental Sys., Inc. v. Mills Tr. Co., 7 Mass. App. Ct. 850, 384 N.E.2d 1263 (1979) (holding

that if the trial court judge fails to make findings, but the evidence is reported the

appeals court may make additional findings of fact as justified by the evidence. The

Massachusetts Appeals Court explained its rational for implementing this principle in the Sanguinetti decision:

> We have before us the judge's "Statement of Proceedings," "Findings of Fact," "Conclusions of Law" and "Order for Judgment." We also have designated portions of the transcript and the exhibits. In these circumstances, in reviewing the trial judge's ultimate conclusions, which are drawn from his subsidiary findings of fact, it is our duty to draw our own inferences and reach our own conclusions. Jones v. Gingras, 3 Mass. App. Ct. 393, 395-396 (1975). Blakeley. Pilgrim Packing Co. 4 Mass. App. Ct. 19, 23 (1976). We may make our own findings of fact where the judge made none. Bartevian v. Cullen, 369 Mass. 819, 820, n.1 (1976). Taylor v. Lassell, 4 Mass. App. Ct. 539, 540 (1976).

Sanguinetti v. Nantucket Constr. Co., 5 Mass. App. Ct. 227 (Mass. App. Ct.1977)

The record in this case is quite clear that one of the provisions in the Severance Agreement which was most material to Alholm and went to "root of the contract" was that the severance payments required under Paragraph 2(a) of the Severance Agreement be timely made. (See, Transcript of Evidentiary Hearing dated November 19, 2004, Exhibit 1 to Appellee's Designation of Record ¶ ("Exhibit 1")Tr. 11-19-04, pp. 18-19). The Trustee introduced no evidence which controverted, rebutted or in any way diminished Mr. Alholm's testimony that the provision requiring timely severance payments was a material provision of the contract. (See, Transcript of Evidentiary Hearing dated December 20, 2004, Exhibit 3 to Appellee's Designation of Record ¶ ("Exhibit 3")Tr. 12-20-04, pp. 51-53 & 80-82). Additionally, the Bankruptcy Court determined that the "biweekly payments to be made by the Debtor to Alholm were delivered sporadically" and that "The Debtor was in payment default under the Severance Agreement almost immediately after its execution". (See, Memorandum and Order of the Honorable Henry J. Boroff , Exhibit 7 to Appellee's Designation of Record ("Exhibit 7") , pp. 4 & 9).

The Debtor's breach of failing to tender any regular severance payments during the first two months of the agreement was material because the timely payment of the Severance Payments were "an essential and inducing" part of the Severance Agreement and Millivision's breach thereof went to the "root of the contract." Applying the above referenced federal and state law, this Court should determine that, based on the uncontroverted record and the Bankruptcy Court's decision to award $ 132,170.27 to Mr. Alholm, the Debtor breached a material provision of the Severance Agreement by not making timely payments.

**D.    This Court Must Find that Millivision's Breach Was Material As a Matter of Law, Which Had the Effect of Discharging Alholm From Further Performance and Entitling Him to Recover for Total Breach.**

Over issues of law, the power of the appellate court is plenary.  See, Long Term Care Pharm. Alliance v. Ferguson, 362 F.3d 50 (1st Cir. 2004). Appellate courts have the power to make legal conclusions which are supported by the trial court's subsidiary facts and trial record. See, Sanguinetti v. Nantucket Constr. Co. 5 Mass. App. Ct. 227 (Mass. App. Ct. 1977). This Court may exercise its power to apply the law to the finding that the Debtor breached a material provision of the Severance Agreement.

It is well-settled that a material breach of contract by one party excuses the other party from further performance under the contract as a matter of law.  See, Ward v. American Mutual Liability Ins. Co., 15 Mass. App. Ct. 98, 100 (1983) (citations omitted). A material breach of a contract occurs when there is a breach of "'an essential and inducing feature of the contract[].'"  Lease-It, Inc., 33 Mass. App. Ct. at 396, *quoting* Bucholz v. Green Bros. Co., 272 Mass. 49, 52 (1930).  The breach must be "'substantial . . . [and go] to the root of the contract . . .'"  Id., *quoting* Aerostatic Engr. Corp. v.

Szczawinski, 1 Mass. App. Ct. 141, 145 (1973). "The determination of materiality . . .
must be based largely on a standard of objective reasonableness rather than purely
subjective belief." Gibson v. City of Cranston, 37 F.3d 731, 737 (1st Cir. 1994) (citations
omitted).

Materiality is usually a question of fact for the trier of fact to decide. See, Lease-
It, Inc., 33 Mass. App. Ct. at 396. The materiality of a breach of contract must be
determined in light of the facts of each case. O'Connell Management Co., Inc. v.
Carlyle-XIII Managers, Inc., 765 F. Supp. 779 (D. Mass. 1991).[2]

A material breach of a contract occurs when there is a breach of "'an essential
and inducing feature of the contract[].'" Lease-It, Inc. v. Massachusetts Port Auth., 33
Mass. App. Ct. 391, 396 (1992), quoting Bucholz v. Green Bros. Co., 272 Mass. 49, 52
(1930). Millivision's breach of the Severance Agreement was material as a matter of law
because the Severance Payments were "an essential and inducing" part of the
Severance Agreement and Millivision's breach thereof went to the "root of the contract."
See, Lease-It, Inc., 33 Mass. App. Ct. at 396 (citations omitted).

In instances where there has been a material breach, such as here, the wronged
party is not only freed from its contractual obligations, as well as of any liability for

---

[2]Some courts look to the following factors when determining materiality:

  (a)    the extent to which the injured party will be deprived of the benefit which he reasonably
        expected;
  (b)    the extent to which the injured party can be adequately compensated for the part of that
        benefit of which he will be deprived;
  (c)    the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
  (d)    the likelihood that the party failing to perform or to offer to perform will cure his failure,
        taking account of all the circumstances including any reasonable assurances;
  (e)    the extent to which the behavior of the party failing to perform or to offer to perform
        comports with standards of good faith and fair dealing.

O'Connell Management Co., Inc., 765 F. Supp. at 783, citing Restatement (Second) of Contracts § 241
(1981); See also Ward, 15 Mass. App. Ct. at 101 (citing Restatement).

damages for their breach, but also retains a cause of action for damages for the other party's breach. *See* Gibson, 37 F.3d at 736 and Center Garment Co. v. United Refrigerator Co., 369 Mass. 633, 638 (1976). In Ward, 15 Mass. App. Ct. at 98, the court found that the defendant's wrongful discharge in violation of the employment contract was a breach so material as to release the employees from further contractual obligations. In Aerostratic Engr. Corp., 1 Mass. App. Ct. at 145, the court held that the defendant's "substantial breach going to the root of the contract" entitled the plaintiff to terminate performance under the contract and to recover contract damages with no set off awarded the defendant for damages caused by the plaintiff's failure to complete performance of the contract obligations.

Through the testimony of William Caragol it was established that the Debtor consciously decided to cease all severance payments to Mr. Alholm in April or May 2003. (See, Transcript of Evidentiary Hearing dated December 20, 2004, Exhibit 3 to Appellee's Designation of Record ¶ ("Exhibit 3")Tr. 12-20-04, pp. 98). Millivision's intentional termination of Alholm's Severance Payments, without any Court authority to do so, constituted a breach of the Severance Agreement so material as to discharge Alholm from further performance under the contract, free him from liability for damages for his breach, if any, and allow him to recover contract damages for the total breach.

In light of the Debtor's breach of a material provision of the Severance Agreement and the resulting legal effect of terminating any further performance obligations by Mr. Alholm under the agreement, the Appellant's arguments concerning the Bankruptcy Court's misallocation of the burden of proof are totally moot since Mr. Alholm had no further duty to either seek substitute employment or certify that he was

doing so. As a result, this Court should uphold the Bankruptcy Court's decision on alternative grounds which are totally supported by the uncontroverted record and applicable case law.

**E.**	**Without Establishing That The Bankruptcy Court's Determination That "Alholm Did Not Fail To Make Sufficient Efforts To Find Employment" Was "Clearly Erroneous", The Appellant's Arguments Must Be Rejected By This Court**

The Appellant argues that " no reasonable trier of fact could find that he (Mr. Alholm) made good faith efforts to obtain other employment commensurate with his experience". (See, Appellant's Brief pp. 9). Such an argument conveniently ignores several pages of transcript testimony as well as the legal principle that the District Court must accept all of the Bankruptcy Court's findings of fact unless said findings are "clearly erroneous". <u>LaRoche v. Amoskeag Bank</u>, 969  F.2d 1299, 1301 (1st Cir. 1992)

Mr. Alholm testified that he made considerable efforts to locate substitute employment. He testified to contacting over 60 different companies, making personal contacts, retaining an employment search firm and sending out resumes seeking employment comparable to what he had with the Debtor. (See, Exhibit 1 Tr. 11-19-04 pp. 59 -60). <u>The Trustee introduced no evidence</u> which controverted, rebutted or in any way diminished Mr. Alholm's testimony that he made reasonable efforts to find employment comparable to what he had with the Debtor. In fact, in addition to the Bankruptcy Court's own determination that he did exercise reasonable efforts, <u>there is clear factual proof in the record that Mr. Alholm did make reasonable efforts to obtain comparable employment, namely he ultimately obtained employment from contacts he</u>

<u>initiated in April/May 2003.</u> A review of the testimony on pp. 77 of Exhibit 1 is

instructional:

Q.    All right. During this period of time of looking for work, did you ever receive

an offer of employment?

A.    Well, I mean, ultimately, from the job that I did take.

Q.    All right. And what job that you did take wi…

A.    Performance Industrial Holdings (unclear)

Q.    All right. When did you contact Performance Industrial Holdings first.

A.    I started talking to those gentlemen in April, May through, you know, some

indirect set of contacts.

It is disingenuous for the Appellant to argue that "no reasonable trier of fact could

find that he (Mr. Alholm) made good faith efforts to obtain other employment

commensurate with his experience" when because of Mr. Alholm's efforts in April and

May 2003, the Debtor was not assessed damages for payments due Mr. Alholm under

the Severance Agreement for the periods November and December 2003 because he

was employed for that period. How does the Debtor explain, and through what

evidence, how Mr. Alholm found employment if not through his own efforts ?

The Appellant throughout section "C" of its brief attempts to "spin" the testimony

of Mr. Alholm in support of its argument. The fact remains that the Trustee introduced

no evidence which controverts Mr. Alholm's testimony of the effort he took to find

commensurate employment. When the Court ruled that the "Trustee was <u>unable to</u>

<u>demonstrate that Alholm failed to make sufficient efforts</u> to find employment…"

(emphasis added) (See, Exhibit 7,  pp. 16) this Court may infer that the Bankruptcy

Court found that Mr. Alholm made efforts to obtain employment commensurate with his prior experience. When there are facts in the record which are uncontroverted, such as Mr. Alholm's efforts to find employment, an Appellate Court, on appeal, may make findings from the record that were not expressly stated on the trial court record. See Sanguinetti v. Nantucket Constr. Co. 5 Mass. App. Ct. 227 (Mass. App. Ct. 1977).; National Car Rental Sys., Inc. v. Mills Tr. Co., 7 Mass. App. Ct. 850, 384 N.E.2d 1263 (1979); In re Brown, 21 B.R. 701, 9 B.C.D. 228 (B.A.P. 1st Cir.)

The failure to make an express finding on a material issue is not always prejudicial. The failure to make a finding on an issue raised in the pleadings and supported by substantial evidence is harmless when the missing finding reasonably may be found to be implicit in other findings. The failure to find is also harmless when, under the facts of the case, the finding necessarily would have been adverse to the appellants. A court's failure to find a fact, if the judgment is otherwise supported, is harmless error unless the evidence is sufficient to sustain a finding in favor of the complaining party which would have the effect of countervailing or destroying other findings." McAdams v. McElroy, 62 Cal. App. 3d 985 (Cal. Ct. App. 1976)

The Court's observation of the credibility of the witnesses coupled with its review of the trial transcripts led the Bankruptcy Court to conclude that Alholm had not failed to make sufficient efforts to find commensurate employment. This is because Mr. Alholm presented evidence on these issues as if he had the burden of proof to establish his diligent search for commensurate employment. The Bankruptcy Court has already in effect substantively applied to Mr. Alholm the very burden of proof the Appellant wanted the Court to apply to Mr. Alholm. If, as a result of this appeal, the burden of proof is

formally re-allocated to Mr. Alholm, the Bankruptcy Court will come to the exact same conclusion that Alholm did met his burden. We know this because the Bankruptcy Court has already effectively applied that burden to Mr. Alholm. All that will have transpired is the wasting of judicial resources and the wasting of the Debtor's Bankruptcy estate, through needless legal fees, to the severe detriment of the estate's numerous creditors.

The Trustee introduced no evidence to establish when, how, or through what method Mr. Alholm was supposed to certify to the Debtor that he was looking for employment. As a result, the Appellant has no right to argue that Mr. Alholm failed to comply with standards or methods of "certification" that were never established by the Trustee.

The Appellant on page 8 of its brief appears to suggest that because the C.F.O. William Caragol did not personally receive Exhibit A25 Mr. Alholm somehow failed to "certify" in writing he was looking for employment. However, Mr. Carogol himself admitted that the Severance Agreement only required notice to the company and not personal notice to him. (See, Exhibit 3, Tr. 12-20-05 pp. 96)

The Appellant has conveniently disregarded the evidence that the parties were communicating through counsel (See, Exhibit No. A23, A24 & A25 to November 19, 2004 Evidentiary Hearing, Exhibit 2 to Appellee's Designation of Record). To suggest that notice to the Debtor's counsel that Mr. Alholm was still seeking employment (See, Exhibit No. A25) is not somehow notice to the Debtor defies all logic and is not supported by any facts in evidence.

The Appellant cannot even establish, as a matter of fact, that Alholm did not comply with the terms of the Severance Agreement, much less as a matter of law. If this

Court determines that it is not clear from the totality of the uncontroverted evidence and the Bankruptcy Court's own factual determination whether or not Mr. Alholm exercised diligent efforts to find comparable employment, then there exist pure questions of fact which should be remanded to the Bankruptcy Court for determination rather than decided in the District Court "as a matter of law."  See, TEC Eng'g Corp. v. Budget Molders Supply, Inc., 82 F.3d 542, 545 (1st Cir. 1996) (remand for further appropriate fact finding in "absence of . . . subsidiary findings of fact," where "the pertinent issues are close and . . . the evidence in the record does not compel a ruling for either side"); Touch v. Master Unit Die Products, Inc., 43 F.3d 754, 757 (1st Cir. 1995) (remand appropriate where "essential findings of fact" were unclear).  When there are "material facts in dispute," the appellate court should remand.  See, Acosta-Orozco v. Rodriguez-De-Rivera, 132 F.3d 97, 98 (1st Cir. 1997) When the findings of the trial court are inadequate, remand for further findings is in order.  See, Prime Retail, L.P. v. Caribbean Airport Facilities, 1998 U.S. App. LEXIS 10639, 20-21 (1st Cir. 1998) (holding that remand was necessary to construe the "shall not entertain" clause in a contract.) See also, In re Watman, 301 F.3d 3 (1st Cir. 1997) (noting if the appellate court determines that a bankruptcy court's findings are too indistinct, it may decline to proceed further and remand for more explicit findings.); Klein v Rancho Montana De Oro, Inc. (1959, CA9 Cal) 263 F2d 764. (holding that lack of findings of fact supporting portion of order disallowing substantially creditors' claim in reorganization under Bankruptcy Act requires remand to correct the deficiency.); Employers' Liability Assurance Corp. v Weeden (1960, CA5 La) 274 F2d 809, 3 FR Serv 2d 827. (remanding where the trial court failed to make findings or to find on a material issue, and an appeal was taken.)

Even if the Bankruptcy Court erroneously allocated a burden of proof on the Trustee, the Appellant cannot disregard that the Bankruptcy Court substantively still made a factual determination that Mr. Alholm made efforts to find employment. Appellant's argument seeks to reverse the Bankruptcy Court's clear finding of fact without even arguing, let alone establishing, that said finding of fact was "clearly erroneous". Rule 52(a) of the F. R. Civ. Pro. requires that:

> Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless *clearly erroneous,* and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. (emphasis added)

The "clearly erroneous" standard of review is one of extremely high deference by which the appellate court is obligated to affirm a finding of fact so long as it had a "plausible" basis in the record, regardless of whether the appellate court may have come out differently had it been called upon to make the factual finding in the first instance." <u>Anderson v. City of Bessemer, N.C.</u> 470 U.S. 654 (1985)

## IV.        <u>Conclusion</u>

The decision of the Bankruptcy Court should be upheld because, even if the Court erroneously applied a burden of proof upon the Trustee there are alternative reasons why the Bankruptcy Court's decision should be upheld and as a result any error which may have been made by the trial court in allocating the "burden of proof" with regard to the search for continued employment is merely harmless error. Additionally, the Appellant is not entitled to any relief which reduces the amount of the Bankruptcy Court's award of damages because there is substantial evidence that Mr. Alholm made

a good faith effort to obtain employment commensurate with his prior experience and

as a result the Bankruptcy Court's findings cannot be overturned.

Respectfully submitted this the 26st day of October, 2005.

JEFFEREY W. ALHOLM
By His Counsel

/s/ David J. Noonan, Esq.
228 Triangle Street
Amherst, MA  01002
Tel: 413-549-5491
Fax: 413-549-5156
David.noonan@verizon.net
BBO# 373260

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of APPELLEE'S BRIEF was served

upon Counsel for the Chapter 11 Trustee by mailing the same, first class mail, postage

prepaid to said Counsel on this the 26st day of October, 2005.

Respectfully submitted this the 26st day of October, 2005.

s/s David J. Noonan
David J. Noonan, Esq.
228 Triangle Street
Amherst, MA 01002
Tel. 413-549-5491,
Fax. 413-549-5156
Email: david.noonan@verizon.net
BBO # 373260