UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

NO. 05CV40155-MAP

---

MILLIVISION, INC.,
Debtor/Appellant

VS.

JEFFERY W. ALHOLM,
Claimant/Appellee

---

ON APPEAL FROM A DECISION OF THE
BANKRUPTCY COURT FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

---

DEBTOR/APPELLANT'S REPLY BRIEF

John C. Sikorski, Esq. of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301 Fax (413) 785-4658
BBO NO. 461970

413206

## TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT........................1

II.   ARGUMENT..................................3

      A.   Alholm Essentially Concedes The Bankruptcy
           Court Misallocated The Burden Of Proof. ...3

      B.   Alholm's Vague Testimony, Unsupported By A
           Single Document, Does Not Carry His Burden
           Of Proving He Made Diligent Efforts To Find
           Comparable Employment And That He Certified
           In Writing That He Had Done So. ..........4

      C.   Alholm Implicitly Agrees This Court Should
           Make Findings Of Fact Justified By The
           Record. ................................6

III.  CONCLUSION................................7

413206

FEDERAL CASES

*In re Brown,* 21 BR 701, 9 B.C.D. 228 (BAP 1st
Cir.) ......................................... 6

*In Re Shop-N-Go of Maine, Inc.,* 61 B.R. 297
(D.Me. 1986) ................................. 6

*Vartanian v. Monsanto,* 131 F.3d 264 (1st Cir.
1997) ........................................ 6


FEDERAL RULES

Fed. R. Civ. P. 50................................. 6


TREATISES

Black's Law Dictionary, Abridged 6th Ed. 1991 ..... 4, 5

## I.  <u>SUMMARY OF ARGUMENT</u>

The Debtor/Appellant, Millivision, Inc. ("Debtor"), filed a limited appeal to the United States District Court challenging that part of the Bankruptcy Court's findings ordering it to make payments for amounts due for severance pay after June 30, 2003. The issue of the Debtor's prior breach, if any, has no relevance to the instant appeal.  The agreement at issue requires the contract to be "construed as a whole", "in accordance with its fair meaning" in any dispute relating to it.  See ¶ 15(e) to Exhibit 2 to Debtor's Designation of Record ("Exhibit 2").

Alholm agrees implicitly that the Bankruptcy Court misallocated the burden of proof.  To receive an additional $100,000 at the rate of $16,667 a month, the Severance Agreement at issued required Alholm to "certify in writing" to the Debtor that he had made "diligent efforts" to seek such comparable employment.  At trial, Alholm had to produce competent evidence that he met each of these requirements.  He simply did not do so.

As a counter to the extensive recitation of Alholm's claimed education and experience as a sophisticated business executive, entrepreneur and investor, Alholm points to vague testimony at trial as to his efforts to secure such comparable employment.  Alholm does not, and cannot, explain away the lack

of basic proof that he made <u>diligent</u> efforts to obtain comparable employment.

Alholm produced no cancelled checks for travel related expenses; no income tax returns showing job related expenses; no stationery; no business cards; no contract with an executive search firm, outplacement company or headhunter; no letters, correspondence, email or the like from any person who assisted him in getting a job or from any person that he pursued opportunities with.  Alholm excused this lack of evidence by claiming that burglars stole all his business files and computers, thus preventing him from producing even a scintilla of written evidence of a good faith effort to obtain comparable employment.

Nor did Alholm prove that he met the requirement to "certify in writing" to the Debtor that he made diligent efforts to seek such comparable employment.  The requirement to "certify" required Alholm to authenticate or vouch for his efforts in writing and to attest them as being true as represented.  Attesting implies a "solemn declaration in words or writing to support a fact."

Finally, Alholm cannot show that he made "diligent" efforts.  Diligence requires an attentive and persistence in doing a thing; an "untiring" and "unremitting" effort.

Such lacuna must be viewed against Alholm's admission that he did not file federal income tax returns for 1999, 2000, 2001 and 2002, at least until the end of 2003, and his divorce hearing in September, 2003, which provided him a motive not to seriously look for other employment.

Alholm implicitly agrees that this Court can look at the record and draw its own conclusions without a remand to the Bankruptcy Court. The Debtor agrees that once the Court properly allocates the burden of proof, it can look at the record and will find that Alholm did not meet his burden of proving he made diligent efforts to find comparable employment and did not so certify in writing that he had done so.

## II. **ARGUMENT**

### A. **Alholm Essentially Concedes The Bankruptcy Court Misallocated The Burden Of Proof**.

Although not expressly agreeing with the Debtor's contention that the Bankruptcy Court misallocated the burden of proof, Alholm implicitly agrees that the Bankruptcy Court had done so. See generally, Claimant/Appellee's Brief at pp. 3-4. Thus, the parties essentially agree that the Bankruptcy Court made a fundamental error of law and that this Court faces a record in which the Court misapplied the burden of proof.

Much of Alholm's argument in Point IIIB focuses on payments prior to June 30, 2003. That is, for purposes of this appeal

only, the Debtor acknowledges that the Bankruptcy Court properly awarded Alholm money owed to him through June 30, 2003.  Thus, the whole issue of whether the Debtor's breach, if any, excuse Alholm's performance, went to the events pre-June 30, 2003.  In order to obtain additional severance payments under ¶ 2 of the Agreement, Alholm had to meet certain conditions.

**B.    Alholm's Vague Testimony, Unsupported By A Single Document, Does Not Carry His Burden Of Proving He Made Diligent Efforts To Find Comparable Employment And That He Certified In Writing That He Had Done So.**

In order to justify an award of severance payments after June 30, 2003, Alholm must point to evidence in the record from which a reasonable trier of fact could find that he certified in writing to the company that he had made "diligent efforts" to seek comparable employment.  To "certify" means to "authenticate or vouch for a thing in writing.  To attest as being true or as represented."  Black's Law Dictionary, Abridged 6th Ed. 1991.  To attest means to "make solemn declaration in words or writing to support a fact."  *Id.*  The only evidence Alholm introduced at trial that he had done so was one sentence of an email from his counsel to then counsel for the Debtor.  Such a paltry act fails to meet the requirements of the plain language of the Agreement.

Furthermore, Alholm's efforts to obtain comparable employment must be "diligent", meaning "attentive and persistent

in doing a thing; steadily applied; active; sedulous; laborious; unremitting; untiring." *Id.*

Alholm introduced no documents of any sort to support his contention that he had made such "diligent efforts." That is, he did not produce a business card, stationery, an expense receipt, a single copy of an email, letter, document or the like. He produced no evidence of an attempt to use the assistance of an executive search firm; any other type of headhunter; or outplacement service. He produced no business plan or proposal to buy a business.

Alholm testified he had relevant documents at the time the Debtor questioned his search for comparable employment but indicated that he did not provide it to his counsel because his counsel did not require it. Alholm testified in the Bankruptcy Court that burglars had stolen his computer and safe in January, 2004 and, thus, he had no documents. Such an assertion compels the Court to draw a negative inference. In the year 2003, a sophisticated business person would clearly have some documents accessible on a computer or in some other place. Burglars generally do not steal resumes.

The Court also must view Alholm's testimony through the lens of an admitted errant taxpayer. Alholm testified that he did not file his 1999, 2000, 2001 or 2002 income tax returns

6

until at the least the middle of 2003 and at trial, could not produce a 2003 tax return for his business.

C. **Alholm Implicitly Agrees This Court Should Make Findings Of Fact Justified By The Record**.

At pp. 12-13 of the Claimant/Appellee's Brief, Alholm argues that an Appellate Court, here the District Court, may make additional findings of fact when justified by the evidence citing *In re Brown,* 21 BR 701, 9 B.C.D. 228 (BAP 1st Cir.) as well as analogous Massachusetts case law. <u>See also</u>, *In Re Shop-N-Go of Maine, Inc.,* 61 B.R. 297 (D.Me. 1986)(reviewing court can draw inferences from the record).

Once the District Court properly allocates the burden of proof, the issue becomes whether the record evidence supports a finding that Alholm met his burden of proving that he certified in writing his diligent efforts to obtain comparable employment. While understanding that courts provide some deference to the trial court's ability to assess the credibility of a witness, see generally, Fed. R. Civ. P. 50, that does not preclude a clear and careful review of the record to determine if there is sufficient evidence for a party to meet its burden of proof. See e.g., *Vartanian v. Monsanto,* 131 F.3d 264 (1st Cir. 1997).

The language of the Agreement guides the Court. Paragraph 15(e) states: "In the event of any dispute, this Agreement will be construed as a whole, will be interpreted in accordance with

its fair meaning, and will not be construed strictly for or against either you or Millivision."  The overall intent of the agreement is to provide a way for Alholm and Millivision to part ways once and for all and to provide Alholm with transition assistance, including severance pay up to one year.  The parties structured severance payments as a "six and six," guaranteeing the first six months of payment but placing clear, precise restrictions on the ability of Alholm to receive an additional $16,667 a month between July 1, 2003 and December 31, 2003. Alholm had to prove he complied with the conditions precedent by a preponderance of the credible evidence.  Other than his vague testimony at pp. 74-82 of the transcript of November 19, 2004, Alholm produced no corroborating witness; and not a scintilla of documentation of his efforts.  Neither did he produce a certification in writing that he had made such diligent efforts.

Given the status of this record, the District Court should find that the judgment of the Bankruptcy Court needs to be modified by deducting the award of severance payments after July 1, 2003.

## III. <u>CONCLUSION</u>

WHEREFORE, the judgment of the Bankruptcy Court should be modified.

8

THE DEBTOR/APPELLANT
MILLIVISION, INC.

By    /s/ John C. Sikorski
John C. Sikorski, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
Phone (413) 732-2301
Fax (413) 785-4658
BBO No.:  461970


## CERTIFICATE OF SERVICE

I, John C. Sikorski, Esq., hereby certify that on this 4th day of November, 2005, served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel as follows:

David J. Noonan, Esq.              David W. Ostrander
Counsel To Jeffrey Alholm         Chapter 7 Trustee
228 Triangle Street               Ostrander Law Office
Amherst, MA 01002                 P.O. Box 1237
(via electronic notice only)      Northampton, MA 01061-1237


Jeffery Alholm
515 W. Cedar Street
Zionsville, IN 46077-1305

Subscribed under the penalties of perjury.


        /s/ John C. Sikorski
John C. Sikorski, Esq.

413206